**Larry Darnell ARTHUR,
Plaintiff–Appellant,**

v.

**R. TORRES, Correctional Sergeant;
et al., Defendants–Appellees.**

**No. 08–56219.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2011.*

Filed July 15, 2011.

Larry Darnell Arthur, Calipatria, CA, pro se.

Terrence F. Sheehy, Esquire, Deputy Attorney General, Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

Before: SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

MEMORANDUM **

California state prisoner Larry Darnell Arthur appeals pro se from the district

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provid-

court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir. 2003), and we affirm.

The district court properly dismissed Arthur's excessive force claims because Arthur did not properly exhaust administrative remedies before filing his complaint in federal court, and failed to show that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo,* 548 U.S. 81, 90, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (explaining that "proper exhaustion" requires adherence to administrative procedural rules); *Sapp v. Kimbrell,* 623 F.3d 813, 826 (9th Cir.2010) (although exhaustion may not be required where improper screening of grievances "give[s] rise to a reasonable good faith belief that administrative remedies are effectively unavailable[,]" inmate who failed to follow explicit instructions on how to appeal had no such reasonable belief).

We construe the dismissal of Arthur's claims to be without prejudice. *See Wyatt,* 315 F.3d at 1120 (dismissals for failure to exhaust administrative remedies are without prejudice).

We do not consider issues not adequately raised in Arthur's opening brief. *See Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.,* 122 F.3d 1211, 1217 (9th Cir.1997).

**AFFIRMED.**